UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELAINE L. CHAO, Secretary of Labor, )
United States Department of Labor, )
200 Constitution Avenue, N.W., )
Washington, D.C.  20210 )
)
Plaintiff, )
v. )
)
NATIONAL ASSOCIATION OF GOVERNMENT )
EMPLOYEES, SERVICE EMPLOYEES )
INTERNATIONAL UNION, AFL-CIO, CLC, )
159 Burgin Parkway )
Quincy, MA 02169 )
)
Defendant. )

Civil Action No. 03-cv-11480NG

MAGISTRATE JUDGE

## COMPLAINT

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act") for a judgment declaring that the September 19, 2002, election conducted by defendant National Association of Government Employees of the Service Employees International Union, AFL-CIO, CLC, for thirty executive board member positions, is void and directing defendant to conduct a new election for those offices under plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to section 402(b) of the Act, 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to section 402(b) of the Act, 29 U.S.C. § 482(b).

1

PARTIES

4. Plaintiff Elaine L. Chao is the Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action by section 402(b) of the Act, 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association residing in the County of Norfolk, within the District of Massachusetts.

FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(c) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(c).

7. On September 19, 2002, defendant, purporting to act pursuant to the Service Employees International Union's Constitution and Bylaws, conducted an election of thirty newly-created executive board officer positions, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-484.

8. By letter dated September 19, 2002, to the defendant's Election Officer, the complainants, Joseph DeLorey, Donald Thierry, Stuart Bernsen, Sharon Simpson, Steven Burgess, Stephen Reece, Steven Vann, Phil Hennemann, Jr., Alonzo Sanson, John Valenti, Ellen Pitts, Susanne Pooler Johnson, Phil Jackson, Robert Cronin, Anthony Phillips, Charles Burns, Theresa Rossman, Denise Cohen, Lonnie Shetler, Richard Gallo, Stephen Silva, Raymond Helmick, Rodney Young, Paul Jennings, Rosanne Moss, Royce Clayton, John E. Foley, Thomas Turco, and Peter Ahrens, members in good standing of defendant, protested the September 19, 2002, election.

9. By letter dated September 25, 2002, to the complainants, defendant's Election Officer denied the protest.

2

10. By letter dated September 30, 2002, the complainants appealed to the Election Officer's decision to defendant's International President.

11. By letter dated January 3, 2003, the International President denied the appeal.

12. Having exhausted the remedies available, the complainants filed a timely complaint with the Secretary of Labor, on January 17, 2003, in accordance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

13. By a series of letters beginning March 7, 2003, and ending July 23, 2003, defendant agreed that the time within which plaintiff may bring suit with respect to defendant's aforesaid election is extended to August 8, 2003.

14. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act, 29 U.S.C. §§ 481-484, had occurred in the conduct of defendant's September 19, 2002, election; and (2) such violation had not been remedied at the time of the institution of this action.

15. Section 401(c) of the Act, 29 U.S.C. § 481(c), was violated in the conduct of defendant's September 19, 2002, election when defendant failed to provide adequate safeguards to insure a fair election in that the union failed to provide notice of all of the offices for which the union conducted elections to its members and failed to provide members a reasonable opportunity to campaign for thirty new offices.

16. The violation of section 401(c) of the Act, 29 U.S.C.§ 481(c), may have affected the outcome of defendant's election for the thirty newly created executive board member positions.

3

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a)  declaring defendant's election for the thirty executive board member positions of the

National Association of Government Employment, Service Employees International Union,

AFL-CIO, CLC, null and void;

(b)  directing defendant to conduct a new election for those offices under the supervision

of plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

RESPECTFULLY SUBMITTED,

HOWARD M. RADZELY
Acting Solicitor of Labor

PETER D. KEISLER
Assistant Attorney General

CAROL A. DE DEO
Associate Solicitor

MICHAEL J. SULLIVAN
United States Attorney

FRANK V. MCDERMOTT, JR.
Regional Solicitor

by:_____
ANITA JOHNSON
Assistant United States Attorney
1 Courthouse Way, Suite 9200
John Joseph Moakley Courthouse
Boston, Massachusetts 02210
(617) 748-3282

ANDREW D. AUERBACH
Counsel for Labor-Management Programs

SHARON E. HANLEY
Attorney

U.S. Department of Labor
Of Counsel

Attorneys for Plaintiff

DATED: August 8, 2003.

4